## DAVIDSON *v*, MATTHEWS et ux.

*Where the plaintiff in a petitory action claims the benefit of the possession of his vendors, their declarations may be proved, on the part of the defence, for the purpose of establishing the character and fact of the possession; and this though one of them was the mother of the defendant.*

APPEAL from the District Court of St. Helena, *Penn,* J.   *A. Hennen,* for the appellant.   Ascendants cannot be witnesses for or against their descendants.   C. C. 2260.   *Sheafe,* on the same side.   *Merrick,* for the defendants. *Ellis* and *Haynes,* for the intervenors.   The judgment of the court was pronounced by

EUSTIS, C. J.   This is an action for the recovery of two slaves.   The defendants and the intervening parties set up title to them as heirs of *Jesse Vining,* senior.   The plaintiff claims them under an alleged transfer from his widow.   There was a general verdict against the plaintiff, and he has appealed. The plaintiff asserts his title to them to have been derived from *William Sharbert*

and his wife, who, he alleges, had held said slaves for more than ten years previous to the sale to him, or had a valid title to them. prior to the sale ; and he also claims them under an alleged uninterrupted and peaceable possession of himself and those under whom he claims for more than fifteen years, and under a judicial partition of the estate of the late *Jesse Vining*, senior, in the year 1821.

The plaintiff's right then is based on two distinct grounds—title under the alleged partition of 1821, and continuous possession, adverse to the heirs of the deceased, for a term sufficient to create a title.   Neither of these are proved, and the jury were fully justified in coming to the conclusion they did, in favor of the defendants and intervenors.

*Sharbert* had married the widow of the deceased, and he undertakes to sell the slaves to the plaintiff, in 1841.   The benefit of his possession the plaintiff claims, and his declarations and that of his wife were properly received in evidence on the trial of the cause, as establishing the character and fact of the possession.   The bill of exceptions taken by the plaintiff's counsel to these admissions is, therefore, not tenable.

It has been urged that the plaintiff is entitled to the benefit of the rights of the widow of *Jesse Vining*, senior, in the succession of her husband, who died as far back as 1809, in the parish of St. Helena, which is part of the territory between the Perdido and the Mississippi, at that time under the dominion of Spain; and that, by the laws of Spain, she had a fourth of her husband's estate, and that, in 1819, she inherited the property of one of her sons, who died in that year without issue.   The grounds on which these separate claims are contested, and they have been thoroughly examined in the written arguments of the counsel respectively, we are not under the necessity of examining in the case before us.   These claims are not presented in the pleadings, nor have they been passed upon in the court below; and we think the court was authorized in considering them as not involved in the present controversy; nor do we undertake to say that, under his act of sale, the plaintiff is in a situation to avail himself of them.   In the act of March, 1841, under which the plaintiff claims that *Sharbert* sells—he appears as the vendor ; a large proportion of the consideration was the payment of his debts, and the balance in cash.   The wife renounces her tacit mortgage, ratifies the sale, and transfers all her rights to the slaves.   The parties are called *vendors* in the act, but the wife could not sign her name ; and, from the complexion of the act, we are not disposed to interfere with a judgment of a court rendered on a verdict of a jury of the vicinage, which merely disaffirms the right of the plaintiff under it to recover those slaves from the heirs, but necessarily leaves the rights of the wife, dependent on the successions of her husband and son, unaffected by their decision.                    *Judgment affirmed.*